IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LESTER PASCUAL, an individual, and OFELIA PASCUAL, an individual, <br><br>            Plaintiffs, <br><br>   vs. <br><br>AURORA LOAN SERVICES, LLC and DOES 1-100 inclusive, <br><br>            Defendants. <br>_____ | CIVIL NO. 10-00759 JMS-KSC <br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THIS COURT'S ORDER GRANTING DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT (WHICH THE COURT CONSTRUES AS A MOTION TO DISMISS) AND JUDGMENT, FILED JUNE 19, 2012 |

**<u>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THIS COURT'S ORDER GRANTING DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT (WHICH THE COURT CONSTRUES AS A MOTION TO DISMISS) AND JUDGMENT, FILED JUNE 19, 2012</u>**

**I. <u>INTRODUCTION</u>**

In their First Amended Complaint ("FAC"), Plaintiffs Lester and Ofelia Pascual ("Plaintiffs") assert a single claim against Defendant Aurora Loan Services, LLC ("Defendant") for violation of Hawaii's non-judicial foreclosure statute, Hawaii Revised Statutes ("HRS") § 667-5. On June 19, 2012, the court entered its Order Granting Defendant's Motion to Dismiss without leave for Plaintiffs to amend. *Pascual v. Aurora Loan Servs.*, 2012 WL 2355531 (D. Haw. June 19, 2012). The June 19 Order explained, among other things, that HRS

§ 667-5 places no affirmative obligation on a mortgagee to establish that it holds the note.

Currently before the court is Plaintiffs' Motion for Reconsideration and/or Clarification of the June 19 Order and Judgment, in which they argue that reconsideration is necessary to prevent manifest injustice and due to newly discovered evidence. Based on the following, the court DENIES Plaintiffs' Motion for Reconsideration.

## II. BACKGROUND

This action arises from a February 12, 2007 mortgage transaction in which Plaintiffs borrowed $630,000 from Lehman Brothers Bank, F.S.B. ("Lehman Brothers"), secured by a promissory note and mortgage on real property located at 468 South Oahu Street, Kahului, Hawaii 96732 (the "subject property"). On September 20, 2009, the Hawaii Bureau of Conveyances recorded an assignment of the mortgage to Defendant, who subsequently foreclosed on the subject property. The FAC asserts that Defendant was not a proper mortgagee because MERS, on behalf of Lehman Brothers, had transferred the mortgage loan to Defendant without authority.

On February 29, 2012, Defendant filed a Motion for Summary Judgment. On May 25, 2012, Plaintiffs filed an Opposition in which they

(1) argued that Defendant's Motion should be construed as a Rule 12(b)(6) Motion; and (2) offered a number of alternative theories for relief that were not pled in the FAC. In their June 4, 2012 Reply, Defendant responded to Plaintiffs' new theories of relief.

On June 18, 2012, the court held a hearing on Defendant's Motion. The court explained that because it could determine Defendant's Motion based on judicially-noticed evidence only, it would treat Defendant's Motion as a Rule 12(b)(6) Motion to Dismiss. The court further explained that by treating Defendants' Motion as a Rule 12(b)(6) Motion, the court must consider whether Plaintiffs should be granted leave to amend if the Rule 12(b)(6) Motion is otherwise granted. In response, Plaintiffs represented at the June 18, 2012 hearing that their briefing included all theories that they wished to include in an amended pleading. *See Pascual*, 2012 WL 2355531, at *3. And because Defendant had responded to these new arguments in its Reply, Plaintiffs and Defendant concurred that the briefing was complete as to the claims Plaintiff would seek to include in a second amended complaint and on the issue of whether it would be futile to make these specific allegations. *Id.*

On June 19, 2012, the court entered its Order Granting Defendant's Motion to Dismiss without leave for Plaintiffs to amend. The June 19 Order found

3

that the FAC's single claim that MERS did not have authority to transfer the mortgage loan from Lehman Brothers to Defendant failed in light of *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011), and in light of the express disclosures in the mortgage stating that MERS may transfer the mortgage loan. *Id.* at 4-5.

Turning next to whether Plaintiffs should be granted leave to amend, the June 19 Order rejected each of Plaintiffs' proffered additional theories attacking Defendant's ability to foreclose on the mortgage, including that: (1) Lehman Brothers' bankruptcy prevented a valid transfer of the mortgage loan to Defendant; (2) Defendant failed to affirmatively demonstrate that it is a proper mortgagee; (3) Defendant failed to proffer evidence in its Mortgagee's Affidavit of Foreclosure Under Power of Sale that it was assigned the mortgage; and (4) Defendant failed to demonstrate that it was the proper holder of the note at the time of foreclosure. As to each of the latter three arguments, the court explained that HRS § 667-5 did not place an affirmative requirement on a mortgagee to establish its right to foreclose and/or produce the note, and that Plaintiffs had not asserted any basis to question that Defendant was not the proper mortgagee. *Id.* at 6-7. Because all of Plaintiffs' proffered theories of relief failed, the June 19 Order dismissed the FAC without leave to amend. Judgment was entered the same day.

4

On July 3, 2012, Plaintiffs filed their Motion for Reconsideration. Defendant filed an Opposition on July 17, 2012, and Plaintiffs filed a Reply on July 31, 2012. Pursuant to Local Rule 7.2(d), the court determines the Motion for Reconsideration without a hearing.

### III. STANDARD OF REVIEW

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)). Because Plaintiffs filed their Motion for Reconsideration within twenty-eight days of judgment, the court analyzes his motion pursuant to Rule 59(e).[1]

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There

---

[1] Local Rule 60.1 applies to motions for reconsideration from interlocutory orders. Because judgment was entered in this action, L.R. 60.1 is not applicable.

5

may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also Turner*, 338 F.3d at 1063; *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

## IV. **DISCUSSION**

The June 19 Order found, among other things, that Plaintiffs could not assert a claim for violation of HRS § 667-5 based on Defendant's failure to establish that it was the proper holder of the note at the time of foreclosure. The June 19 Order reasoned that Plaintiffs offered no basis in law to support imposing a requirement on the mortgagee under Hawaii's non-judicial foreclosure law to affirmatively establish that it holds the note, and the majority of courts, including this one, has rejected borrowers' claims based on a mortgagee's non-possession and/or failure to produce the note. *Pascual*, 2012 WL 2355531, at *7. Plaintiffs argue that the June 19 Order committed manifest error in making this determination, and that in any event, newly discovered evidence establishes that Defendant does not hold the note.[2] The court rejects both these arguments.

---

[2] Defendants further argue that the June 19 Order "is causing mischief throughout the Hawaii State Courts, as it is being relied upon by State Courts in foreclosure and ejectment actions to preclude borrower defendants from disputing foreclosures conducted by plaintiffs
(continued...)

A. **Whether HRS § 667-5 Requires a Mortgagee to Produce the Note**

As outlined in the June 19 Order, HRS § 667-5 provides that "the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises" may foreclose where the mortgage contains a power of sale.

According to its plain language, HRS § 667-5 contains no requirement that a mortgagee affirmatively *prove* that it holds the note. *See In re Kekauoha-Alisa*, 674 F.3d 1083, 1088 (9th Cir. 2012) (explaining that under Hawaii principles of statutory construction, "where the statutory language is plain and unambiguous, the court's sole duty is to give effect to its plain and obvious meaning") (citations omitted). Indeed, Plaintiffs do not cite and the court is not aware of *any* authority under Hawaii law affirmatively stating that a mortgagee's power of sale under Hawaii's non-judicial foreclosure statute is tied to the presentment of the underlying note. *See also Foth v. BAC Home Loans Servicing, LP*, 2011 WL 3439134, at *8 (D. Haw. Aug. 4, 2011) (stating that Hawaii's non-

---

[2](...continued)
where there are genuine issues of material fact as to whether those plaintiffs were entitled to collect on the note in the first place, causing borrowers with winning cases to now unfairly lose their homes." Doc. No. 71-1, Pls.' Mot. at 3. Plaintiffs cite no cases for this proposition, and it remains a mystery as to how the June 19 Order, addressing Plaintiffs' affirmative claims regarding a non-judicial foreclosure, would apply to a mortgagee's affirmative foreclosure or judicial ejectment action. *See Deutsche Bank Nat'l Trust Co. v. Williams*, 2012 WL 1081174, at *5 (D. Haw. Mar. 29, 2012) (drawing distinction between a mortgage's affirmative burden in bringing a foreclosure action and its burden in defending a wrongful foreclosure action).

judicial foreclosure provisions "do not expressly require that the foreclosing party produce a physical copy of the original promissory note").

And although the Hawaii Supreme Court has not addressed this precise issue, interpreting HRS § 667-5 to include an affirmative requirement that the mortgagee produce the note is inconsistent with decisions in other jurisdictions that have refused to read a "show me the note" requirement into non-judicial foreclosure statutes that do not otherwise explicitly include such a requirement. *See, e.g.*, *Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012) (holding that Arizona's non-judicial foreclosure statute does not impose an affirmative obligation on the mortgagee to establish that it holds the note); *Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857, 861-62 (Idaho 2012) (determining that the plain language of Idaho's non-judicial foreclosure statute does not require a mortgagee to establish that it holds the note); *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 721 (W.D. Va. 2011) (rejecting a "show me the note" theory under Virginia's non-judicial foreclosure laws); *Ray v. CitiMortgage, Inc.*, 2011 WL 3269326, at *3 (W.D. Tex. July 25, 2011) (rejecting a "show me the note" theory under Texas law); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to

foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale."); *Stein v. Chase Home Fin., LLC*, 2010 WL 4736828, at *3 (D. Minn., Aug. 13, 2010) (collecting cases and explaining that "[c]ourts have routinely rejected the defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings").[3] The court believes that the Hawaii Supreme Court would find these authorities persuasive and similarly reject that HRS § 667-5 includes a "show me the note" requirement.

In opposition, Plaintiffs ask the court to follow *U.S. Bank Nat'l Ass'n v. Kimball*, 27 A.3d 1087 (Vt. 2011), and *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011). These cases are no help to Plaintiffs -- both cases addressed a mortgagee's

---

[3] This interpretation is also consistent with the numerous cases in the District of Hawaii that have rejected the "show me the note" theory of liability. *See Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *8 (D. Haw. Feb. 14, 2012) (rejecting claim to stay non-judicial foreclosure that was based on a "show me the note" theory); *see also White v. IndyMac Bank, FSB*, 2012 WL 966638, at *8 (D. Haw. Mar. 20, 2012) (rejecting a "show me the note" argument for an unfair and deceptive acts or practices claim); *Del Piano v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 621975, at *10 (D. Haw. Feb. 24, 2012) (rejecting a "show me the note" claim as "baseless"); *Krakauer v. IndyMac Mort. Servs.*, 2010 WL 5174380, at *9 (D. Haw. Dec. 14, 2010) (citing *Angel v. BAC Home Loan Servicing, LP*, 2010 WL 4386775, at *9-10 (D. Haw. Oct. 26, 2010) ("[T]his Court and other district courts have rejected 'show me the note' arguments like Plaintiffs'."); *Brenner v. Indymac Bank, F.S.B.*, 2010 WL 4666043, at *7 (D. Haw. Nov. 9, 2010).

legal standing to foreclosure through a court process (as opposed to here where the mortgagee is defending against an action brought by the borrowers), and neither interpreted HRS § 667-5, much less even addressed a non-judicial foreclosure statute. For example, *Kimball* held that under Vermont law, a mortgagee who brings a foreclosure action must establish its standing by "demonstrat[ing] that it has a right to enforce the note." 27 A.3d at 1092. *In re Veal* held that a mortgagee must establish its standing to obtain relief from a stay in bankruptcy proceedings in order to conduct a foreclosure, which, under the applicable Illinois law, required the entity to hold both the note and mortgage. *See* 450 B.R. at 917 (explaining that pursuant to Illinois law, Wells Fargo needed to establish "that it had some interest in the Note, either as a holder, as some other 'person entitled to enforce,' or that it was someone who held some ownership or other interest in the Note"). Simply put, these cases do not support interpreting HRS § 667-5 as Plaintiffs suggest.

Rather, *In re Veal* actually recognized that non-judicial foreclosure statutes may change the common law rule requiring a mortgagee to hold the underlying note. Specifically, *In re Veal* noted that although Illinois follows the common law rule that a mortgagee must hold the note to foreclose, other "states may have altered this rule by statute." *Id.* at 916-17 & n.34. *In re Veal* explained:

> We are aware of statutory law and unreported cases in
> this circuit that may give lenders a nonbankruptcy right

> to commence foreclosure based solely upon their status as assignees of a mortgage or deed of trust, and without any explicit requirement that they have an interest in the note. *See, e.g.*, Cal. Civil Code §§ 2924(a)(1) (a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process); 2924(b)(4) (a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."); *Putkkuri v. Recontrust Co.*, No. 08cv1919, 2009 WL 32567 at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, No. 08-1916, 2008 WL 5382259 at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure."); *San Diego Home Solutions, Inc. v. Recontrust Co.*, No. 08cv1970, 2008 WL 5209972 at *2 (S.D. Cal. Dec. 10, 2008) ("California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure."). *But see In re Salazar*, 448 B.R. 814, 819 (Bankr. S.D. Cal. 2011) (valid foreclosure under California law requires both that the foreclosing party be entitled to "payment of the secured debt" and that its "status as foreclosing beneficiary appear before the sale in the public record title for the [p]roperty.").

*Id.* at 917 n.34.

As explained above, Hawaii's HRS § 667-5 is just one more example of a state giving lenders a right to commence non-judicial foreclosures based solely upon their status as assignees of a mortgage and without any explicit requirement

that they have an interest in the note.[4] The June 19 Order made no error in this regard.

**B.     Newly Discovered Evidence**

Assuming the court accepts their argument that HRS § 667-5 requires a mortgagee to establish that it holds the note, Plaintiffs further argue that newly discovered evidence establishes that Defendant did not hold the note at the time of foreclosure and that Plaintiffs should be permitted to amend the FAC to include this allegation as well as to assert claims against additional Defendants.  Given the court's legal analysis above, the court need not reach these arguments.  But even if it did reach them, these arguments provide Plaintiffs no relief.

As an initial matter, Plaintiffs offered several new theories of relief to the court in their Opposition to Defendant's Motion and never asserted at any time before the June 19 Order and Judgment a claim that Defendant in fact did not hold the note.  Rather, their claim was limited to the assertion that Defendant failed to affirmatively establish that it holds the note.  And at the June 18 hearing, Plaintiffs'

---

[4] Relying on *In re Veal*, Plaintiffs assert the Hawaii legislature did not define the term "mortgagee" as used in HRS § 667-5 such that the common law definition applies, requiring that a mortgagee hold the promissory note to enforce the mortgage.  *See In re Veal*, 450 B.R. at 916 (explaining the common law rule where "courts treat a mortgage as incident or accessory to the debt, and, an assignment of a mortgage without the note as a nullity").  The court rejects this argument -- the plain language of HRS § 667-5 outlines what a mortgagee must do to foreclose pursuant to a mortgage; if the Hawaii legislature wanted to require a mortgagee to also establish that it holds the note, it would have affirmatively stated so in the statutory language.

12

counsel agreed that the court should treat Defendant's Motion as a Motion to Dismiss and should apply a futility analysis in determining whether Plaintiffs should be granted leave to amend. The court stated that it intended to treat the motion as one brought under Rule 12(b)(6), and then consider arguments in Plaintiffs' Opposition -- which raised matters not alleged in the Complaint -- in determining whether to grant leave to amend:

> The Court: And it appears to me, I have to say, that as far as what is alleged in the complaint that, based on my view of the law, that is precluded. But you've raised many other matters. And so my view is to take those as your offer of proof as to what might be included in a second amended complaint and apply a futility analysis to those to determine whether or not it's appropriate to grant you leave to amend to include those matters.
>
> Plaintiffs' counsel: I would agree with you on that suggestion, Your Honor.

This colloquy makes clear that Plaintiffs had a full and fair opportunity to present their legal theories and represented that they had no additional arguments for the court to consider. Plaintiffs therefore cannot seek to insert additional arguments post-Judgment that they could have previously raised.

The court further rejects Plaintiffs' argument that reconsideration is appropriate because they only recently discovered new evidence establishing that Defendant does not hold the note. Specifically, Plaintiffs present evidence

gathered through the "Bloomberg Terminal," which allows searches of SEC databanks and Wall Street trading reports using borrower information. *See* Doc. No. 71-2, Gary Dubin Decl. ¶¶ 5-6. Plaintiffs' counsel asserts that they recently commissioned a search of the Bloomberg Terminal and the results obtained on July 1, 2012 establish that the mortgage loan was securitized and that Defendant never held the note. *Id.* ¶ 7. Plaintiffs have failed to establish that this evidence is "newly discovered" that would allow reconsideration.

A party moving for reconsideration on the basis of newly discovered evidence "must show that the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal citations omitted). If the evidence was in the possession of the party before the judgment was rendered or if it could have been discovered with reasonable diligence, it is not newly discovered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003); *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir. 2007).

Plaintiffs argue in conclusory fashion that current counsel only recently appeared in this case (on April 19, 2012) and that the "data was not

available to Plaintiffs or their newly retained counsel prior to the [June 18, 2012] hearing." Doc. No. 76, Pls.' Reply at 4-5. Yet this argument -- unsupported by any declaration or other evidence -- fails to establish that Plaintiffs' new evidence could not have been discovered with reasonable diligence before judgment was rendered. Plaintiffs fail to explain (1) whether the Bloomberg Terminal available to Plaintiffs' previous counsel; (2) when the Bloomberg Terminal became available to Plaintiffs' current counsel; or (3) why a search of the Bloomberg Terminal could not have been performed prior the June 19 Order. And Plaintiffs cannot seriously assert that they were given inadequate time to become familiar with the case and present all of their arguments -- when Plaintiffs' counsel entered the case in April 2012, they requested and were granted a continuance on Defendant's instant Motion. Doc. No. 49. Plaintiffs certainly could have asked for additional time to present their full arguments; instead, they represented at the June 18 hearing that their Opposition included all arguments relevant to whether they should be granted leave to amend. The court therefore DENIES Plaintiffs' Motion for Reconsideration.

## V. CONCLUSION

Based on the above, the court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 16, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pascual et al. v. Aurora Loan Servs. LLC.*, Civ. No. 10-00759 JMS-KSC, Order Denying Plaintiffs' Motion for Reconsideration And/or Clarification of this Court's Order Granting Defendant Aurora Loan Services, LLC's Motion for Summary Judgment (Which the Court Construes as a Motion to Dismiss) and Judgment, Filed June 19, 2012